UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TAMARA F. GILES, | Case No. 2:16-01604-GMN-PAL |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter involves Plaintiff Tamara F. Giles' appeal and request for judicial review of the Commissioner of Social Security, Defendant Carolyn W. Colvin's final decision denying her claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–33, and claim for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–83. Ms. Giles has submitted an Amended Complaint (ECF No. 7) in accordance with the Court's Order (ECF No. 5) dismissing the original complaint with leave to amend. The Amended Complaint is referred to the undersigned for re-screening pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-4 of the Local Rules of Practice.

I.  **RE-SCREENING THE AMENDED COMPLAINT**

After granting a request to proceed *in forma pauperis*, a federal court must additionally screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) "applies to all *in forma pauperis* complaints"). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies to all civil actions, with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). For purposes of 28 U.S.C. § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether a plaintiff states a valid claim, the court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Ms. Giles' Amended Complaint challenges a decision by the Social Security Administration ("SSA") denying her disability insurance benefits and supplemental security income under Titles II and XVI of the Act. *See* Am. Compl. (ECF No. 7) ¶ 3. To state a valid benefits claim, a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Starr*, 652 F.3d at 1216. Although this showing need not be made in great detail, it must be presented in sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2015).

/ / /

/ / /

- 2 -

**A.     Exhaustion of Administrative Remedies**

Before a plaintiff can sue the SSA in federal court, she must have exhausted her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404, 416. A civil action for judicial review must be commenced within 60 days after the Appeals Council's notice of a final decision. *Id.* The action must be filed in the judicial district in which the plaintiff resides. *Id.*

In this case, Ms. Giles alleges that on May 12, 2016, the Appeals Council denied her request for review, and the ALJ's decision became the final decision of the Commissioner. *See* Am. Compl. ¶ 8. Thus, it appears she has exhausted her administrative remedies. Ms. Giles timely commenced this action as the original Complaint was filed July 7, 2016. Both the Complaint and Amended Complaint also indicate that she resides within the District of Nevada. Accordingly, Ms. Giles has satisfied these two prerequisites for judicial review.

**B.     Grounds for Ms. Giles' Appeal and the Nature of her Disability**

The Amended Complaint seeks judicial review of the Commissioner's decision denying benefits and asks the Court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In her Amended Complaint, Ms. Giles states that the ALJ found her to have the severe impairments of "anxiety disorder, depressive disorder, degenerative disc disease of the lumbar spine and carpal tunnel syndrome." *See* Am. Compl. (ECF No. 7) ¶ 9(d). Despite her severe impairments, the ALJ found her to retain the residual functional capacity to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she could stand and/or walk for four hours in an 8-hour workday, never climb ladders, ropes or scaffolds, but occasionally climb ramps and stairs, kneel, crouch and crawl, avoid hazards and is unable to perform bilateral gross and fine manipulation. She is also limited to simple tasks in 2-hour increments.

*Id*. ¶ 9(e). Although the ALJ determined that Ms. Giles could perform other work in light of the residual functional capacity, she alleges that the ALJ failed to properly evaluate the medical evidence and subjective complaints in making this finding. *Id.* ¶ 9(f). Lastly, she alleges that new evidence exists that warrants a remand of this matter for further proceedings. *Id*. ¶ 9(h). The Amended Complaint contains sufficient allegations of underlying facts to give the Commissioner fair notice of Ms. Giles' disagreement with the SSA's final determination. The Court therefore finds that her Amended Complaint states a claim for initial screening purposes under 28 U.S.C. § 1915.

Accordingly,

**IT IS ORDERED**:

1. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Amended Complaint to the U.S. Marshal for service.

2. Plaintiff Tamara F. Giles shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Amended Complaint by certified mail to: (1) Office of Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

3. Following the filing of an answer, the court will issue a scheduling order setting a briefing schedule.

4. From this point forward, Ms. Giles shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for the court's consideration.  Ms. Giles shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the Defendant or counsel for the Defendant.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk of the Court, and any paper received by a district judge, magistrate judge or the Clerk that fails to include a certificate of service.

Dated this 28th day of July, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE