**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Tamara F. Giles, | Case No. 2:16-cv-01604-BNW |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |
| Andrew Saul, | |
| Defendant. | |

Plaintiff Tamara Giles' attorney moves for an award of attorneys' fees following Giles' successful motion for remand. No party opposed the motion, although the defendant filed an informative brief without taking a position on fees. The court grants the motion.

Giles entered into a contingency fee agreement with her attorney for 25% of any past-due benefits awarded upon a court-ordered reversal of an unfavorable decision by an administrative law judge. ECF No. 39-2. The court reversed the administrative law judge's decision in this case and remanded for further proceedings. ECF No. 31. Upon remand, the Social Security Administration awarded Giles $70,470.00 in past-due benefits. ECF No. 39.

Under 42 U.S.C. § 406(b)(1)(A), when a claimant who is represented by counsel obtains a favorable court judgment, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." This fee is payable out of the past-due benefits awarded to the claimant and not as an additional recovery from the defendant. *Id.*

Although other fee-shifting schemes resort to use of the "lodestar" method to calculate a reasonable attorney's fee, § 406(b) is not a fee-shifting statute. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). The statute requires the attorney's fee be taken from the past-due benefits awarded to the claimant and not as an additional recovery from the defendant. *Id.* Thus, § 406(b)

"does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The only statutorily-imposed constraint is that the fee agreement cannot "provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing § 406(b)(1)(A)).

Consequently, in Social Security cases, the court begins with the contingency fee agreement and then "tests it for reasonableness." *Id.* at 808. "[T]he question is whether the amount need[s to] be reduced, not whether the loadstar amount should be enhanced." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). The court may reduce the fee award "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Thus, the court "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. The court may "consider the lodestar calculation, but only as an aid in assessing the reasonableness of the fee." *Id.* (emphasis omitted).

The attorney seeking the fee award bears the burden of establishing the fee sought is reasonable. *Id.* at 1148. The award of fees under § 406(b) lies within the court's discretion. *Id.* at 1147.

Giles' attorney requests less than the full twenty-five percent of Plaintiff's past due benefits. He requests $11,500.00. ECF No. 39. He presents evidence that counsel spent 19.8 hours on the case and that paralegals spent 1.9 hours on the case. *Id.* There is no evidence of substandard performance. Rather, counsel obtained a favorable result in the form of a remand and subsequent award of substantial past benefits. There is no evidence counsel caused any delay to increase the contingent amount. Additionally, the fees are not excessively large in relation to the past-due benefits obtained for the claimant. Plaintiff's attorney, therefore, has met his burden of establishing a reasonable fee award in the amount of $11,500.00.

I previously granted the parties' stipulation to award Giles $3,800.00 in attorneys' fees under the Equal Access to Justice Act (EAJA). ECF No. 36. Giles' attorney agrees he will credit this amount against any fee awarded under 42 U.S.C. § 406(b). ECF No. 3 at 7; *see also Gisbrecht*, 535 U.S. at 796 (stating that a claimant may obtain fee awards under both § 406(b) and the EAJA but the attorney must refund the smaller fee amount to the claimant).

**IT IS THEREFORE ORDERED** that the motion for attorney's fees (ECF No. 39) is GRANTED. Plaintiff Tamara Giles' attorney, Marc Kalagian, is awarded attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $11,500.00.

**IT IS FURTHER ORDERED** that Marc Kalagian shall reimburse plaintiff Tamara Giles the amount of $3,800.00 for EAJA fees previously paid by the Commissioner.

**IT IS FURTHER ORDERED** that the hearing set for December 3, 2020 is VACATED.

DATED: December 1, 2020.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE